1  KARA L. JASSY, Bar No. 198846
   MICHELLE RAPOPORT, Bar No. 247459
2  DERRICK LAM, Bar No. 275431
   LITTLER MENDELSON, P.C.
3  633 West 5th Street
   63rd Floor
4  Los Angeles, CA  90071
   Telephone:  213.443.4300
5  Fax No.:    213.443.4299

6  Attorneys for Defendant
   HUB INTERNATIONAL LIMITED
7  (ERRONEOUSLY SUED AND SERVED AS
   HUB INTERNATIONAL MIDWEST
8  LIMITED)

9

10                UNITED STATES DISTRICT COURT

11                CENTRAL DISTRICT OF CALIFORNIA

12

| | |
|---|---|
| FABIAN GONZALEZ, an individual, on behalf of himself and on behalf of all persons similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUB INTERNATIONAL LIMITED, a Delaware corporation; and DOES 1 through 50, Inclusive,<br><br>Defendants. | Case No.  5:19-cv-00557<br><br>**DEFENDANT HUB INTERNATIONAL LIMITED'S NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>[28 U.S.C. §§1332, 1441, & 1446]<br><br>Trial Date: None Set<br><br>Complaint Filed:  January 8, 2019 |

NOTICE OF REMOVAL TO FEDERAL COURT    1

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA  94597
925.932.2468

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA AND TO PLAINTIFF FABIAN GONZALEZ AND HIS ATTORNEYS OF RECORD:**

PLEASE TAKE NOTICE that Defendant HUB International Limited ("HUB International")[1] hereby removes the above-entitled action brought by Plaintiff Fabian Gonzalez ("Plaintiff") in the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California, pursuant to 28 U.S.C. section 1332(d) (Class Action Fairness Act of 2005), 1441(a), and 1446 on the following grounds:

## STATEMENT OF JURISDICTION

1. This Court has original jurisdiction over this action under the Class Action Fairness Act of 2005 ("CAFA"). *See* 28 U.S.C. § 1332(d)(2). In relevant part, CAFA grants district courts original jurisdiction over civil class actions filed under federal or state law in which any member of a class of plaintiffs is a citizen of a state different from any defendant and where the amount in controversy for the putative class members in the aggregate exceeds the sum or value of $5,000,000, exclusive of interest and costs. CAFA authorizes removal of such actions in accordance with 28 U.S.C. section 1446.

2. This Court has jurisdiction over this case under CAFA, 28 U.S.C. section 1332(d), and this case may be removed pursuant to the provisions of 28 U.S.C. section 1441(a), in that it is a civil action wherein: (1) the proposed class contains at least 100 members; (2) HUB International is not a state, state official, or other governmental entity; (3) there is diversity between at least one class member and Defendant; and (4) the amount in controversy for all class members exceeds $5,000,000.

3. CAFA's diversity requirement is satisfied when at least one plaintiff is

---

[1] HUB International was erroneously sued and served as "HUB International Midwest Limited."

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT    2

a citizen of a state in which the defendant is not a citizen. See 28 U.S.C. §§ 1332(d)(2)(A), 1453.

4. As set forth below, this case meets all of CAFA's requirements for removal and is timely and properly removed by the filing of this Notice.

## VENUE

5. This action was filed in the Superior Court for the State of California in the County of San Bernardino. Venue properly lies in the Eastern Division of the United States District Court for the Central District of California pursuant to 28 U.S.C. sections 84(c)(1), 1391, 1441, and 1446.

## PLEADINGS, PROCESS, AND ORDERS

6. On January 8, 2019, Plaintiff, on behalf of himself and all others similarly situated, commenced this action by filing a class action complaint in the Superior Court of California, County of San Bernardino, entitled *Fabian Gonzalez, an individual, on behalf of himself and on behalf of all persons similarly situated v. Hub International Midwest Limited, a Corporation; and Does 1 through 50, Inclusive*, designated as Case No. CIVDS1900463 ("Complaint"). (*See* Declaration of Michelle Rapoport in Support of Defendant HUB International Limited's Notice of Removal to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446 ["Rapoport Decl."], ¶ 2.) A true and correct copy of the Complaint is attached to this Notice of Removal as **Exhibit A**.

7. On February 26, 2019, Plaintiff's counsel mailed to defense counsel a Notice of Acknowledgement and Receipt, including the Summons, Complaint, Civil Case Cover Sheet, Certificate of Assignment, Alternative Dispute Resolution document, Notice of Case Assignment for All Purposes and Notice of Case Management Conference, Initial Case Management Conference Order, and Guidelines for the Complex Litigation Program. (Rapoport Decl., ¶ 3.) True and correct copies of these documents served on HUB International are attached to this Notice of Removal as **Exhibit B**.

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

3

<sub>8.</sub> On March 18, 2019, defense counsel signed the Notice of Acknowledgement and Receipt.

9. On March 28, 2019 HUB International filed its Answer to Plaintiff's Class Action Complaint. (Rapoport Decl., ¶ 5.) A true and correct copy of the Answer is attached to this Notice of Removal as **Exhibit C**.

10. To HUB International's knowledge, no further process, pleadings, or orders have been filed in the San Bernardino County Superior Court or served by any party other than as described above. To HUB International's knowledge, no proceedings related hereto have been heard in the San Bernardino County Superior Court. (Rapoport Decl., ¶ 6.)

## TIMELINESS OF REMOVAL

11. Under 28 U.S.C. section 1446(b), the notice of removal of a civil action must be filed within thirty (30) days after service of process. 28 U.S.C. § 1446(b); *see Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 354 (1999) (the 30-day removal period runs from the service of the summons and complaint).

12. Service of the Complaint was deemed complete on March 18, 2019, when HUB International counsel signed and returned the Notice of Acknowledgement and Receipt.

13. Removal of this action is timely because this Notice of Removal has been filed within thirty days from the service date of March 18, 2019. *See* 28 U.S.C. § 1446(b); Cal. Code Civ. Proc. § 415.30 (service by mail is complete on the date the notice form is executed, provided that it is returned to the sender). As referenced above, this Notice of Removal also contains all process, pleadings and orders that were served on Defendant, and the Answer filed and served by Defendant. (*See* Exhibits A-C.)

## PROPOSED CLASS CONTAINS AT LEAST 100 MEMBERS

14. Plaintiff seeks to represent a proposed class of all individuals who are or were employed by HUB International in California and classified as non-exempt

<sub>NOTICE OF REMOVAL TO FEDERAL COURT</sub>

4

during the period of January 8, 2015 through the time that notice of the class action is provided to the class. (Complaint ¶ 19.)

15. Since January 8, 2015, over 100 non-exempt employees have been employed by HUB International. (*See* Declaration of Amanda Baeza in Support of Defendant HUB International Limited's Notice of Removal to Federal Court Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446 ["Baeza Decl."], ¶ 8(a).)

### DEFENDANT IS NOT A GOVERNMENTAL ENTITY

16. HUB International is not a state, state official, or other governmental entity.

### PLAINTIFF'S CITIZENSHIP IS DIVERSE FROM DEFENDANT'S CITIZENSHIP

17. **Plaintiff is a citizen of California.** For diversity purposes, a person is a "citizen" of the state in which he or she is domiciled. *See Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983); *see also LeBlanc v. Cleveland*, 248 F.3d 95, 100 (2d Cir. 2001) (citizenship determined at the time the lawsuit is filed); *see also Lundquist v. Precision Valley Aviation, Inc.*, 946 F. 2d 8, 10 (1st Cir. 1991). A person's domicile is the place he or she resides with the intention to remain, or to which he or she intends to return. *See Kanter v. Warner–Lambert Co.*, 265 F. 3d 853, 857 (9th Cir. 2001).

18. Plaintiff alleges he has been employed by HUB International Midwest Limited in California since March 4, 2013. (Complaint ¶ 3.)

19. HUB International Midwest Limited, which is named as the defendant in this matter, is a Corporation founded under the laws of Indiana. HUB International Midwest Limited's principal place of business, and the location of its corporate headquarters, is Chicago, Illinois. Chicago, Illinois is primarily where HUB International Midwest Limited's corporate officers direct, control, and coordinate HUB International's activities and make operational, executive, administrative, and policy-making decisions. (Baeza Decl., ¶ 2.)

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

5

20. HUB International Midwest Limited does not employ any employees. Rather, Plaintiff is employed by HUB International Limited ("Hub International"). Plaintiff brings a class action on behalf of all non-exempt employees who worked in California since January 8, 2015, all of whom were or are employed by Hub International. (Baeza Decl., ¶ 3.)

21. Based on a review of his employment records, Plaintiff is a current employee, and is employed in California. His most recently-listed home address was in California. (Baeza Decl., ¶ 9.) Accordingly Plaintiff, at the time this action was commenced, was and is a citizen and resident of the State of California. *See Albrecht v. Lund,* 845 F.2d 193, 194-95 (9th Cir. 1988) (finding citizenship requirement satisfied where plaintiff's complaint contained allegations consistent with diversity and plaintiff failed to contest the petition for removal); *see also Anderson v. Watts*, 138 U.S. 694, 706 ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.").

22. HUB International is not a citizen of California. For purposes of 28 U.S.C. section 1332, a corporation is deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business. *See* 28 U.S.C. § 1332(c)(1). As explained by the United States Supreme Court in *Hertz Corp. v. Friend*, 559 U.S. 77, 77 (2010), "the phrase 'principal place of business' in § 1332(c)(1) refers to the place where a corporation's high level officers direct, control, and coordinate the corporation's activities . . . We believe that the 'nerve center,' will typically be found at a corporate headquarters."

23. At the time the action was commenced, Hub International was, and still is, incorporated under the laws of the State of Delaware and is therefore a citizen of the State of Delaware. HUB International's principal place of business is in Illinois.

24. Defendants "Does 1 through 100" are fictitious. The Complaint does not set forth the identity or status of any fictitious defendants, nor does it set forth any

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

6

charging allegation against any fictitious defendants. Thus, pursuant to 28 U.S.C. section 1441(a), the citizenship of defendants sued under fictitious names must be disregarded for purposes of determining diversity jurisdiction and cannot destroy the diversity of citizenship between the parties in this action. *See Newcombe v. Adolf Coors Co.,* 157 F. 3d 686, 690-91 (9th Cir. 1998).

25. This action satisfies diversity requirements because Plaintiff is a citizen of the State of California and Hub International is a citizen of Delaware and Illinois. Therefore, the minimal diversity requirement of 28 U.S.C. section 1332(d)(2)(A) is satisfied.

## AMOUNT IN CONTROVERSY EXCEEDS $5,000,000[2]

26. This Court has jurisdiction under the CAFA, which authorizes the removal of class actions in which, among the other factors mentioned above, the amount in controversy for all class members exceeds $5,000,000. 28 U.S.C. § 1332(d). "The claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds" this amount. 28 U.S.C. § 1332(d)(6).

27. Although Plaintiff purports to cap the putative class' damages at less than $5 million to avoid federal jurisdiction, that allegation cannot defeat removal. (Complaint ¶ 19 ("The amount in controversy for the aggregate claim of CALIFORNIA CLASS MEMBERS is under five million dollars ($5,000,000.00).")); *Standard Fire Insurance Company v. Knowles*, 133 S. Ct. 1345, 1349 (2013). As the United States Supreme Court recognized, Plaintiffs have no authority to cap damages to avoid federal court jurisdiction at the pre-certification stage, as Plaintiff has attempted to do here. *Id.* ("In sum, the stipulation at issue here

---

[2] The alleged damages calculations contained herein are for purposes of removal only. HUB International expressly denies that Plaintiff or the putative class is entitled to any relief whatsoever, and HUB International expressly reserves the right to challenge Plaintiff's alleged damages in this case, or his ability to represent other putative class members.

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

7

can tie Knowles' hands, but it does not resolve the amount-in-controversy question in light of his inability to bind the rest of the class. For this reason, we believe the District Court . . . should have ignored that stipulation").

28. The Court should therefore disregard Plaintiff's purported cap on the amount in controversy and apply the default preponderance of the evidence standard, as the Complaint is otherwise ambiguous as to the amount Plaintiff intends to claim as damages, etc. *See id.; Lowdermilk v. United States Bank Nat'l Assoc.*, 479 F.3d 994, 998 (9th Cir. 2007); *Quintana v. Claire's Stores, Inc.*, 2013 U.S. Dist. Lexis 58289, *13 fn. 35 (N.D. Cal. April 22, 2013) (noting that *Knowles* supported the court's decision to apply the preponderance of the evidence standard on other grounds, where plaintiffs alleged in the complaint that the amount in controversy was less than $5 million to avoid CAFA jurisdiction).

29. Regardless of whether the Court applies a preponderance of the evidence or legal certainty standard, however, Plaintiff's allegations and the facts HUB International has submitted in support of removal establish that the $5 million CAFA threshold is met here. Indeed, although HUB International denies Plaintiff's claims of wrongdoing and denies that Plaintiff and/or the putative class are entitled to any relief, the Court must look to the allegations of Plaintiff's Complaint and the evidence submitted by HUB International to determine the amount in controversy. *See Valdez v. Allstate Ins. Co.*, 372 F.3d 1115, 1117 (9th Cir. 2004); *Campbell v. Vitran Express, Inc.*, 471 Fed. Appx. 646, 648 (9th Cir. 2012). Notably, "the amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Comm., Inc.*, 627 F.3d 395, 400 (9th Cir. 2010). "In other words, in assessing the amount in controversy, a court must 'assume that the allegations of the complaint are true and assume that a jury will return a verdict for the plaintiff on all claims made in the complaint.'" *Campbell*, 471 Fed. Appx. at 648, quoting *Kenneth Rothschild Trust v. Morgan Stanley Dean Witter*, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002); *see*

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

8

*also Schiller v. David's Bridal, Inc*., 2010 U.S. Dist. LEXIS 81128, *6, *27-28 (E.D. Cal. 2010) (recognizing that the ultimate or provable amount of damages is not what is considered when determining the amount in controversy, but rather the amount put in controversy by the plaintiff's complaint and holding plaintiff established $5 million amount in controversy for purposes of CAFA); *Korn v. Polo Ralph Lauren Corp*., 536 F. Supp. 2d 1199, 1204-05 (E.D. Cal. 2009) ("a removing defendant is not obligated to 'research, state, and prove the plaintiff's claims for damages'" and so would not concede plaintiff's allegations through removal) (citations omitted).

30. The removal statute requires that a defendant seeking to remove a case to federal court must file a notice "containing a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). The Supreme Court, in *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014), recognized that "as specified in §1446(a), a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." Only if the plaintiff contests or the court questions the allegations of the notice of removal is supporting evidence required. *Id*. Otherwise "the defendant's amount-in-controversy allegation should be accepted" just as a plaintiff's amount-in-controversy allegation is accepted when a plaintiff invokes federal court jurisdiction. *Id*. at 553.

31. HUB International denies the validity and merit of the entirety of Plaintiff's alleged claims, the legal theories upon which they are ostensibly based, and the alleged claims for monetary and other relief that flow therefrom. For purposes of removal only, however, and without conceding that Plaintiff or the putative class is entitled to any damages or penalties whatsoever, it is readily apparent that the aggregated claims of the putative class establishes, by a preponderance of evidence, that the amount in controversy well exceeds the jurisdiction minimum of $5,000,000.

32. Plaintiff alleges causes of action for a violation of the Unfair Competition Law ("UCL"), Business and Professions Code §§ 17200, *et seq*. (Complaint ¶¶ 41-55.) Alleging a UCL violation may extend the statute of limitations

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

9

for Plaintiff's and the putative class' overtime and minimum wage claims from three to four years from the filing of the Complaint, which in this case, extends the statute of limitations to January 8, 2015. *See* Cal. Bus. & Prof. Code § 17208; *Cortez v. Purolater Air Filtration Products Co.*, 23 Cal. 4th 163, 178-79 (2000) (four-year statute of limitations for restitution of wages under the UCL).

33. From January 8, 2015 to present, approximately 223 hourly, non-exempt employees worked for HUB International in California. The hourly rates, over the entire alleged class period, for the purported class members Plaintiff seeks to represent average $17.96. Based on the available employment records, the time period Plaintiff has placed at issue, and the number of employees at issue, Plaintiff has placed approximately 19,716 workweeks in controversy. (Baeza Decl., ¶ 8(a)-(c).)

### A. Overtime Wages

34. In his second cause of action, Plaintiff and the putative class seek allegedly unpaid wages at overtime wage rates pursuant to California Labor Code §§ 510, 1194, and 1198. (Complaint ¶¶ 56-71.) Plaintiff alleges that he and the putative class members incurred unpaid overtime compensation, by working in excess of eight hours a day and/or in excess of 40 hours in a week, and HUB International failed to properly calculate the overtime rate. (Complaint ¶ 57.) However, Plaintiff does not state the amount of overtime eligible time that he and the putative class worked each week without receiving the overtime premium. Moreover, Plaintiff has not placed any limits on this claim, e.g., the Complaint does not limit the amount of minutes, hours, shifts, days, or weeks at issue with regard to his overtime claim. Further, Plaintiff and his counsel owe a fiduciary duty to the putative class to try to recover as much as possible for the putative class. As such, every workday for every putative class member is in controversy at this juncture, particularly as Plaintiff alleges that Plaintiff and putative class members worked in excess of eight hours a day. (Complaint ¶ 67.)

35. To determine the monetary amount in controversy for Plaintiff's overtime claim, the total number of unpaid hours worked by Plaintiff and the putative

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

10

class that would have been considered overtime hours is multiplied by one and one-half times their respective regular rates of pay in effect during the time the overtime was allegedly worked. *See* Cal. Labor Code § 510.

36. Based on the available employment records, there are approximately 19,716 workweeks at issue for the overtime claim, and employees' average rate of pay was $17.96. (Baeza Decl., ¶ 8(b)-(c).) While HUB International denies the validity and merit of Plaintiff's overtime claim, for purposes of removal only, assuming five hours of overtime per employee per workweek, the amount in controversy for the overtime claim is $2,655,745[3] (19,716 workweeks * 5 hours overtime * $17.96 hourly rate * 1.5 overtime premium)

### B. Meal and Rest Break Premiums

37. Plaintiff alleges HUB International failed to pay Plaintiff and putative class members all wages owed because HUB International failed to pay overtime, failed to provide meal periods and rest breaks or compensation in lieu of the alleged violations, and failed to provide accurate wage statements. (Complaint ¶¶ 8-16.) For these causes of action, Plaintiff seeks, among other relief, alleged unpaid wages, overtime, penalties associated with allegedly inaccurate wage statements, and meal and rest premiums. (Complaint Prayer for Relief ¶¶ 1C and 2B-D.)

38. Based on the available employment records, there are approximately 223 putative class members at issue for Plaintiff's missed meal period and rest break claims with 19,716 work weeks in the alleged class period for each cause of action. (Baeza Decl., ¶ 8(a), (c).) While HUB International denies the validity and merit of Plaintiff's missed meal period and rest break claims, for purposes of removal only, HUB International calculates that based on the hourly rates of pay for the putative class members and assuming three missed meal periods and three missed rest breaks

---

[3] This calculation does not include workdays on which Plaintiff may claim that putative class members worked in excess of 12 hours, which would be subject to a double-time rate.

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT    11

per week, the amount in controversy for each allegation is $1,062,569 (19,716 workweeks * $17.96 hourly wage * 3 violations per workweek). Adding meal and rest break claims together totals $2,125,138.

### C. Inaccurate Wage Statements

39. Additionally, Plaintiff alleges that HUB International failed to maintain accurate itemized wage statements in violation of Labor Code § 226. (Complaint ¶¶ 80-83.) Plaintiff alleges the putative class members are entitled to amounts provided for under Labor Code section 226 (*Id.* at ¶ 83), which are $50 for the initial pay period in which a violation occurs and $100 per employee for each violation in a subsequent pay period, not exceeding an aggregate penalty of four thousand dollars per violation ($4,000).

40. While HUB International denies the allegations, given the one year statute of limitation applicable to section 226 claims (*i.e.* the class period beginning January 8, 2018), based on the available employment records, there are approximately 193 putative class members at issue for Plaintiff's wage statement allegations. (Baeza Decl., ¶ 8(d).) HUB International pays its non-exempt employees biweekly, and has issued 4,106 paystubs to non-exempt employees since January 8, 2018. (Baeza Decl., ¶ 8(e).) The resulting amount in controversy for Plaintiff's wage statement claim is $399,450 ((223 * $50) + ((4,106-223) * $100).

### D. Attorneys' Fees

41. Moreover, Plaintiff seeks attorneys' fees and costs in his Complaint. *See* Complaint, Prayer for Relief ¶ 3C. It is well-settled that claims for statutory attorneys' fees are to be included in the amount in controversy. *See, e.g.*, *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005), *cert. denied*, 127 S. Ct. 157 (2006); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-1156 (9th Cir. 1998) (attorneys' fees may be taken into account to determine jurisdictional amounts). The attorneys' fees benchmark in the Ninth Circuit is 25%. *Paul, Johnson, Alston & Hunt v. Graulty*, 886 F.2d 268, 272 (9th Cir. 1989) ("We note with approval that one court

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

12

has concluded that the 'bench mark' percentage for the fee award should be 25 percent.") (citation omitted); *Lo v. Oxnard Euro. Motors, LLC*, No. 11-CV-1009, 2012 US. Dist. LEXIS 73983, *8-9 (S.D. Cal. May 29, 2012) ("The Ninth Circuit has accepted as a benchmark for an attorneys' fees awards a twenty-five percent of the common fund recovery.").

42. As discussed above, the amount in controversy for Plaintiff's claims is at least $5,180,333[4]. Taking into account attorneys' fees at the benchmark percentage of twenty-five percent further increases the amount in controversy by approximately $1,295,083 for a total amount in controversy of at least **$6,475,416**.

43. Removal of this action is therefore proper as the aggregate value of Plaintiff's class causes of action for unpaid meal and rest periods premiums, non-compliant wage statements, and attorneys' fees is well in excess of the CAFA jurisdictional requirement of $5 million. See 28 U.S.C. § 1332(d)(2).

### NOTICE TO PLAINTIFF AND STATE COURT

44. Contemporaneously with the filing of this Notice of Removal in the United States District Court for the Central District of California, written notice of such filing will be served by the undersigned on Plaintiff's Counsel of Record and a copy of the Notice of Removal will be filed with the Clerk of the Superior Court of California, County of San Bernardino. (Rapoport Decl., ¶ 7.)

45. WHEREFORE, HUB international hereby removes this action from the Superior Court of the State of California, County of San Bernardino, to the United States District Court for the Central District of California.

---

[4] $2,655,745 overtime claim + $1,062,569 meal period claim + $1,062,569 rest break claim + $399,450 wage statement claim.

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT     13

Dated: March 28, 2019

/s/ *Michelle Rapoport*
KARA L. JASSY
MICHELLE RAPOPORT
DERRICK LAM,
LITTLER MENDELSON, P.C.
Attorneys for Defendant
HUB INTERNATIONAL LIMITED

FIRMWIDE:162166566.2 101323.1001

LITTLER MENDELSON, P.C.
TREAT TOWERS
1255 TREAT BOULEVARD
SUITE 600
WALNUT CREEK, CA 94597
925.932.2468

NOTICE OF REMOVAL TO FEDERAL COURT

14