UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-557 PA (ASx) | Date | May 10, 2019 |
|---|---|---|---|
| Title | Fabian Gonzalez v. Hub International Midwest Limited, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Kamilla Sali-Suleyman | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None | None |

**Proceedings:** IN CHAMBERS - COURT ORDER

Before the Court is a Motion to Remand Case to State Court ("Motion," Docket No. 15) filed by plaintiff Fabian Gonzalez ("Plaintiff"). Defendant HUB International Limited ("Defendant") has filed an opposition (Docket No. 18), and Plaintiff has filed a reply (Docket No. 24). Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7-15, the Court finds this matter appropriate for decision without oral argument. The hearing calendared for May 13, 2019 is vacated, and the matter taken off calendar.

**I.  Background**

Plaintiff commenced this putative class action in San Bernardino County Superior Court on January 8, 2019. (Compl., Docket No. 1-2; see Notice of Removal ¶ 6, Docket No. 1.) On March 28, 2019, Defendant removed the action to this Court, asserting that subject matter jurisdiction exists under the Class Action Fairness Act ("CAFA"). (Notice of Removal ¶¶ 1-3.) See 28 U.S.C. § 1332(d)(2).

According to the complaint, Defendant[1] "is an insurance brokerage providing an array of property, casualty, risk management, life and health, employee benefits, investment, and wealth management products and services." (Compl. ¶ 2.) Plaintiff has been employed by Defendant as a non-exempt employee paid on an hourly basis since March 4, 2013. (Id. ¶ 3.) Plaintiff accuses Defendant of various state-law wage-and-hour violations, asserting causes of action for: (1) violation of California's Unfair Competition Law; (2) failure to pay overtime wages; (3) failure to provide required meal periods; (4) failure to provide required rest periods; and (5) failure to provide accurate itemized wage statements. (Id. ¶¶ 41-83.) For his first cause of action, Plaintiff seeks to represent a class of "all individuals who are or previously were employed by DEFENDANT in California and classified as non-exempt employees . . . at any time during the period beginning on the date four (4) years prior to the filing of this Complaint and ending on the date as determined by the Court." (Id. ¶ 19.) Plaintiff also seeks to represent a subclass of "all members of the [class] classified as non-exempt employees . . . at

---

[1]  The complaint names HUB International Midwest Limited as defendant, but that entity "does not employ any employees. Rather, Plaintiff is employed by [Defendant]." (Notice of Removal ¶ 20.)

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-557 PA (ASx) | Date | May 10, 2019 |
|---|---|---|---|
| Title | Fabian Gonzalez v. Hub International Midwest Limited, et al. | | |

any time during the period beginning on the date three (3) years prior to the filing of the complaint and ending on the date as determined by the Court." (Id. ¶ 31.)

## II. Legal Standard

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. Id. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979)).

Federal subject matter jurisdiction may be based on diversity of citizenship pursuant to CAFA. See 28 U.S.C. § 1332(d)(2). To invoke diversity jurisdiction pursuant to CAFA, it must be established that at least one plaintiff and one defendant are citizens of different states and that the aggregate amount in controversy exceeds $5,000,000.00, exclusive of interests and costs. Id. "[U]nder CAFA the burden of establishing removal jurisdiction remains, as before, on the proponent of federal jurisdiction." Abrego Abrego v. The Dow Chem. Co., 443 F.3d 676, 685 (9th Cir. 2006) (per curiam).

"The notice of removal 'need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold,' and need not contain evidentiary submissions." Fritsch v. Swift Transp. Co. of Ariz., LLC, 899 F.3d 785, 788 (9th Cir. 2018) (quoting Dart Cherokee Basin Operating Co., LLC v. Owens, 574 U.S. 81, 135 S. Ct. 547, 554, 190 L. Ed. 2d 495 (2014)). However, "[i]f the amount in controversy is not clear from the face of the complaint, 'the defendant seeking removal bears the burden to show by a preponderance of the evidence that the aggregate amount in controversy exceeds $5 million when federal jurisdiction is challenged.'" Id. at 788-89 (quoting Ibarra v. Manheim Invs., Inc., 775 F.3d 1193, 1197 (9th Cir. 2015)). "Along with the complaint, [courts] consider allegations in the removal petition, as well as 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" Id. at 793 (quoting Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005)). "Under this system, a defendant cannot establish removal jurisdiction by mere speculation and conjecture, with unreasonable assumptions." Ibarra, 775 F.3d at 1197. "[A] damages assessment may require a chain of reasoning that includes assumptions," but "those assumptions cannot be pulled from thin air" and "need some reasonable ground underlying them." Id. at 1199.

## III. Discussion

Plaintiff's Motion centers on whether Defendant has established that CAFA's $5,000,000 amount-in-controversy requirement is satisfied. Plaintiff argues that Defendant relies on unreasonable

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-557 PA (ASx) | Date | May 10, 2019 |
|---|---|---|---|
| Title | Fabian Gonzalez v. Hub International Midwest Limited, et al. | | |

and unsupported assumptions in its Notice of Removal, including with respect to the rate at which statutory violations occurred, and therefore fails to sustain its burden. (Pl.'s Mem. P. & A. at 1, 4-8, Docket No. 15-1; Reply at 1-3, 10-12.)

In its Notice of Removal, Defendant alleges that at least $6,475,416 is in controversy based on Plaintiff's claims and his request for attorneys' fees. (Notice of Removal ¶¶ 26-43.) In calculating this amount, Defendant generally relies on a four-year statute of limitations based on Plaintiff's Unfair Competition Law claim. (Id. ¶ 32.) With its Notice of Removal, Defendant submitted a declaration from Amanda Baeza, a Senior Professional in Human Resources, which stated the following:

    a.    Between January 8, 2015 and February 6, 2019, approximately 223 hourly, non-exempt employees worked for Defendant in California.

    b.    The average hourly rate of those employees is $17.96.

    c.    Between January 8, 2015 and February 6, 2019, HUB International's non-exempt California employees have worked approximately 19,716 workweeks.

    d.    Since January 8, 2018, there have been approximately 193 non-exempt California employees.

    e.    California non-exempt employees are paid biweekly. There have been 4,106 pay periods since January 8, 2018.

(Baeza Decl. ¶ 8, Docket No. 1-5; see Notice of Removal ¶ 33.)

In its opposition to Plaintiff's Motion, Defendant contends that its Notice of Removal surpasses the requirements for establishing the amount in controversy because of Baeza's declaration. (Opp'n at 5-7.) Defendant disputes that it must submit additional evidence to support its assumed violation rates, and it argues that Plaintiff's failure to submit evidence of his own is a sufficient reason to deny the Motion. (Id. at 7-9.) However, Plaintiff expressly alleges in his complaint that the amount in controversy is less than $5,000,000. (Compl. ¶¶ 4, 19, 31.) As a result, Defendant bears the burden of showing by a preponderance of the evidence of the evidence that CAFA's jurisdictional threshold is met. See Ibarra, 775 F.3d at 1197-98. Plaintiff's failure to submit his own evidence is not of itself grounds for denying his Motion, as a "plaintiff is required to come forward with contrary evidence only when the removing defendant has first come forward with sufficient evidence to meet its initial burden." Amirian v. Umpqua Bank, No. CV 17-7574 FMO (FFMx), 2018 WL 3655666, at *2 (C.D. Cal. July 31, 2018).

Defendant further argues that its Notice of Removal, supported by Baeza's declaration, is sufficient to establish the amount in controversy. (Opp'n at 9-19.) As will be explained, the Court agrees with Plaintiff that each of Defendant's calculations are based on assumptions that Defendant has

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-557 PA (ASx) | Date | May 10, 2019 |
|---|---|---|---|
| Title | Fabian Gonzalez v. Hub International Midwest Limited, et al. | | |

not adequately supported. Defendant therefore fails to establish by a preponderance of the evidence that CAFA's amount-in-controversy requirement is satisfied.

### A. Overtime Wages

Under California law, "[e]ight hours of labor constitutes a day's work. Any work in excess of eight hours in one workday and any work in excess of 40 hours in any one workweek . . . shall be compensated at the rate of no less than one and one-half times the regular rate of pay for an employee." Cal. Labor Code § 510(a).

Plaintiff alleges that Defendant had a "uniform policy and practice which failed to lawfully compensate [Plaintiff and similarly situated] employees for all their overtime worked," as Defendant "failed and continues to fail to accurately calculate and pay PLAINTIFF and [other class members] for their overtime worked." (Compl. ¶¶ 5, 8; see id. ¶¶ 15-16, 22-24, 26, 32, 36-37, 46-47, 56-71.) Plaintiff and other class members were "compensated at an hourly rate plus incentive pay that was tied to specific elements of an employee's performance," but Defendant did not include that incentive compensation when calculating the regular rate of pay for purposes of paying overtime wages. (Id. ¶¶ 9-10, 15-16.) That failure "has resulted in a systematic underpayment of overtime compensation to PLAINTIFF and other [class] members by DEFENDANT." (Id. ¶ 10; see id. ¶ 15.) Plaintiff alleges that he "met DEFENDANT's predefined eligibility performance requirements [for incentive compensation] in various pay periods throughout his employment with DEFENDANT." (Id. ¶ 16.)

Defendant alleges in its Notice of Removal that Plaintiff "does not state the amount of overtime eligible time that he and the putative class worked each week without receiving the overtime premium," and that "every workday for every putative class member is in controversy at this juncture." (Notice of Removal ¶ 34.) Defendant calculates that "there are approximately 19,716 workweeks at issue for the overtime claim, and employees' average rate of pay was $17.96. While [Defendant] denies the validity and merit of Plaintiff's overtime claim, for purposes of removal only, assuming five hours of overtime per employee per workweek, the amount in controversy for the overtime claim is $2,655,745 (19,716 workweeks * 5 hours overtime * $17.96 hourly rate * 1.5 overtime premium)." (Id. ¶ 36.) In its opposition, Defendant argues that these calculations, and its assumption of five unpaid hours of overtime per workweek, are reasonable. (Opp'n at 13-15.)

Although the complaint alleges that Defendant never properly calculated class members' overtime wages, Plaintiff is alleged to have worked overtime only in "various pay periods." (Compl. ¶ 16.) The complaint does not indicate the frequency at which overtime work occurred, let alone suggest the five-hour-per-week rate that Defendant uses. Defendant cites no evidentiary basis for its assumed rate. The only actual evidence that Defendant has provided, Baeza's declaration, does not address the frequency of employees' overtime work, or any other alleged statutory violations. Defendant thus fails to establish the amount of unpaid overtime wages in controversy. See, e.g., Amirian, 2018 WL 3655666, at *3-5 (concluding that similar declaration "provides no support for the assumptions

JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-557 PA (ASx) | Date | May 10, 2019 |
|---|---|---|---|
| Title | Fabian Gonzalez v. Hub International Midwest Limited, et al. | | |

defendant makes in its calculations," including assumed rate of 0.25 hours of overtime per pay period per employee); Contreras v. J.R. Simplot Co., No. 2:17-cv-00585-KJM-EFB, 2017 WL 4457228, at *3 (E.D. Cal. Oct. 6, 2017) (rejecting assumed rate of one hour of overtime per week for similar reasons).

**B.    Missed Meal and Rest Periods**

California law prohibits employers from requiring employees to work during a required meal or rest period, and the employer must pay to the employee an additional hour of pay at the employee's regular rate of pay for each day that the period is not provided. Cal. Labor Code §§ 226.7(b)-(c), 1197(b)-(c).

Plaintiff alleges that "[a]s a result of their rigorous work schedules" and due to Defendant's "strict corporate policy and practice," Plaintiff and other class members "are . . . from time to time unable to take off duty meal breaks and are not fully relieved of duty for meal periods." (Compl. ¶¶ 12, 16, 26(c), 37(b), 48, 72-75.) Plaintiff similarly alleges that "[a]s a result of their rigorous work schedules, PLAINTIFF and other [class members] are periodically denied their proper rest periods by DEFENDANT and DEFENDANT's managers." (Id. ¶¶ 13, 16, 26(c), 37(b), 76-79.)

Defendant alleges in its Notice of Removal that "[b]ased on the available employment records, there are approximately 223 putative class members at issue for Plaintiff's missed meal period and rest break claims with 19,716 work weeks in the alleged class period for each cause of action. . . . [Defendant] calculates that based on the hourly rates of pay for the putative class members and assuming three missed meal periods and three missed rest breaks per week, the amount in controversy for each allegation is $1,062,569 (19,716 workweeks * $17.96 hourly wage * 3 violations per workweek). Adding meal and rest break claims together totals $2,125,138." (Notice of Removal ¶ 38.) In its opposition, Defendant notes that it made a calculation error in the Notice of Removal and states that $2,124,596 is in controversy for these claims together. (Opp'n at 11 & n.2.) Defendant explains that the proper calculation for each set of claims is "19,716 [workweeks] x $ 53.88 [three hours premium pay]." (Id. at 11.) Defendant argues that its assumptions of three missed meal breaks and three missed rest periods per week are reasonable because Plaintiff alleges that Defendant had a corporate policy that resulted in the violations. (Id. at 10-13.) Defendant also refers to Plaintiff's discovery requests, asserting that "Plaintiff himself does not provide any limitation on these claims nor any evidence that his allegations are less sweeping than they appear. To the contrary, Plaintiff's written discovery seeks every meal premium payment made and documents concerning payroll records for every putative class member during the entire statutory period." (Id. at 12; see Docket No. 18-1.)

Plaintiff alleges that he and other class members missed meal periods "from time to time." (Compl. ¶¶ 12, 16, 73.) Plaintiff alleges that he and other class members were unable to take rest periods during "some shifts," "from time to time" or "periodically." (Id. ¶¶ 13, 16, 77.) These allegations provide no basis for Defendant's assumption of three missed meal periods and three missed rest periods each week, and Defendant has provided no evidence that would support such rates.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-557 PA (ASx) | Date | May 10, 2019 |
|---|---|---|---|
| Title | Fabian Gonzalez v. Hub International Midwest Limited, et al. | | |

Plaintiff's discovery requests only suggest that Plaintiff is attempting to determine how many violations occurred; they are not evidence of any particular violation rate. The Court thus finds that Defendant has failed to establish the amount in controversy due to Plaintiff's meal- and rest-break claims. See, e.g., Garibay v. Archstone Communities LLC, 539 F. App'x 763, 764 (9th Cir. 2013) (holding that a "declaration by [the defendants'] supervisor of payroll, which sets forth only the number of employees during the relevant period, the number of pay periods, and general information about hourly employee wages" and the defendants' "speculative and self-serving assumptions about key unknown variables" were insufficient to support assumption of two missed breaks per week); Salazar v. Johnson & Johnson Consumer Inc., No. 2:18-CV-05884-SJO-E, 2018 WL 4560683, at *3-4 (C.D. Cal. Sept. 19, 2018) (holding that assumption of one missed meal break and one missed rest period every five shifts was not justified where defendant submitted similar declaration and where the complaint alleged that violations occurred "from time to time" or "periodically").

    **C.    Inaccurate Wage Statements**

California employers must provide their employees "accurate itemized statement[s] in writing showing [among other things,] gross wages earned . . . [and] all applicable hourly rates in effect during the pay period and the corresponding number of hours worked at each hourly rate by the employee." Cal. Labor Code § 226(a). "An employee suffering injury as a result of a knowing and intentional failure by an employer to comply with subdivision (a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) per employee for each violation in a subsequent pay period, not to exceed an aggregate penalty of four thousand dollars ($4,000) . . . ." Id. § 226(e)(1).

Plaintiff alleges that "[w]hen PLAINTIFF and other [class members] worked overtime in the same pay period they earned incentive wages and/or missed meal and rest breaks, DEFENDANT also failed to provide [them] with complete and accurate wage statements" because the statements "failed to show, among other things, the correct overtime rate for overtime worked . . . and the correct penalty payments or missed meal and rest periods. . . . [Additionally], DEFENDANT failed to issue to PLAINTIFF an itemized wage statement that lists all the requirements under California Labor Code 226 et seq. As a result, from time to time DEFENDANT provided PLAINTIFF and the other members of the [class] with wage statements which violated Cal. Lab. Code § 226." (Compl. ¶ 14; see id. ¶¶ 16, 37(c), 80-83.) Plaintiff alleges that Defendant acted willfully, his and other class members' damages "are difficult to estimate," and Plaintiff and class members thus may elect to recover the statutory damages under Labor Code section 226(e)(1). (Id. ¶ 83.)

Defendant alleges in its Notice of Removal that "given the one year statute of limitation applicable to section 226 claims[,] . . . based on the available employment records, there are approximately 193 putative class members at issue for Plaintiff's wage statement allegations. [Defendant] pays its non-exempt employees biweekly, and has issued 4,106 paystubs to non-exempt employees since January 8, 2018. The resulting amount in controversy for Plaintiff's wage statement

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | ED CV 19-557 PA (ASx) | Date | May 10, 2019 |
|---|---|---|---|

| Title | Fabian Gonzalez v. Hub International Midwest Limited, et al. | | |
|---|---|---|---|

claim is $399,450 ((223 * $50) + ((4,106-223) * $100))." (Notice of Removal ¶ 40 (citations omitted).) In its opposition, Defendant states that it made a calculation error in the Notice of Removal and that there actually is "$400,950 [in] controversy ([4,106 pay periods x $100 penalty] – [193 initial pay periods x $50], subject to the $4,000 cap)" based on this claim. (Opp'n at 16 & n.4 (footnote omitted).) Defendant contends that its calculations, and its assumption that every wage statement was deficient, are reasonable. (Id. at 15-17.)

Plaintiff alleges that Defendant's wage statements were inaccurate "from time to time." (Compl. ¶¶ 14, 82.) The alleged inaccuracy is based at least in part on the other alleged Labor Code violations, the frequencies of which have not been established. The Court thus finds that Defendant has not justified its assumptions in calculating the amount in controversy due to the wage-statement claims. See, e.g., Garibay, 539 F. App'x at 764 (rejecting assumption that all class members were entitled to penalties for all pay periods based on evidence similar to the Baeza declaration); Calderon v. BKB Constr, LP, No. 17-cv-01255-DMR, 2017 WL 2618094, at *7 (N.D. Cal. June 16, 2017) (stating that an "allegation in the complaint that Plaintiff and the other class members are entitled to receive the greater of their actual damages or 'an aggregate penalty not exceeding [$4,000.00] per employee' does not entitle Defendant to blindly assume that Plaintiff is entitled to a maximum statutory penalty of $4,000.00," and that a declaration from the defendant's employment manager was "bereft of any details necessary to support this assumption including, but not limited to, how many pay periods Plaintiff worked during his employment, and whether the wage statement format changed over time").

### D. Attorneys' Fees

Plaintiff seeks "[a]n award of . . . attorneys' fees and cost of suit, as allowable under the law, including, but not limited to, pursuant to Labor Code § 218.5, § 226, and/or § 1194." (Compl. p. 35.)

Defendant alleges in its Notice of Removal that 25% of the damages exposure that it has calculated should be included in the amount in controversy, as that is the benchmark for attorneys' fees awards in class actions. (Notice of Removal ¶ 41.) Defendant alleges that "the amount in controversy for Plaintiff's claims is at least $5,180,333," and "attorneys' fees at the benchmark percentage of twenty-five percent further increases the amount in controversy by approximately $1,295,083 for a total amount in controversy of at least $6,475,416." (Id. ¶ 42.) Defendant's attorneys' fees estimate in its opposition is increased to $1,295,322.75, apparently due to the application of the 25% benchmark to the increased amount allegedly in controversy for the wage-statement claims. (See Opp'n at 17-19.)

Attorneys' fees may be included when calculating the amount in controversy. See Fritsch, 899 F.3d at 793-94. However, the 25% benchmark award in class actions is a percentage of the class's recovery; it is not added to the class's recovery. See Staton v. Boeing, 327 F.3d 938, 968 (9th Cir. 2003); Hanlon v. Chrysler Corp., 150 F.3d 1011, 1029 (9th Cir. 1998). Defendant's mere reference to the 25% benchmark, without more, fails to establish the amount of attorneys' fees in controversy. See Snow v. Watkins & Shepard Trucking, Inc., No. ED CV 18-2206-DMG (SPx), 2019 WL 1254571, at

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
## CIVIL MINUTES - GENERAL

| Case No. | ED CV 19-557 PA (ASx) | Date | May 10, 2019 |
|---|---|---|---|
| Title | Fabian Gonzalez v. Hub International Midwest Limited, et al. | | |

*3-4 (C.D. Cal. Mar. 18, 2019); see also Fritsch, 899 F.3d at 796 (rejecting per se rule that "the amount of attorneys' fees in controversy in class actions is 25 percent of all other alleged recovery").

In its opposition, Defendant points to fees requests made by Plaintiff's counsel in other cases to support Defendant's allegations. (Opp'n at 18; see Docket No. 19.[2]) However, Defendant makes no attempt to analogize the facts or circumstances of those cases to this one. Defendant's mere citation to cases in which counsel sought larger proportions of a class's recovery as attorneys' fees, without more, does not support Defendant's allegations as to the amount in controversy here. See, e.g., Serran v. Pac. Coast Feather Cushion Co., No. CV 17-4414-DMG (JEMx), 2017 WL 3720630, at *3 (C.D. Cal. Aug. 28, 2017) ("Defendants attempt to satisfy their burden by citing cases that supposedly had 'allegations similar to this one' . . . [but] Defendants do not compare the allegations and circumstances of those cases with those of the instant matter. Thus, Defendants' citation to these cases does not satisfy their burden of showing the amount in controversy through evidence and argument." (citation omitted)).

Moreover, even if Defendant had adequately supported its assertion that 25% of the class recovery be included in the amount in controversy, Defendant still would fail to establish the amount of attorneys' fees in controversy because Defendant's calculations of the class recovery are not adequately supported. See, e.g., Garibay, 539 F. App'x at 764 (defendant's reliance on 25% benchmark failed because it had "not established by a preponderance of the evidence that the underlying amount upon which those fees would be based [was] at least $4 million, as would be required to meet the $5 million minimum").

## Conclusion

For the foregoing reasons, the Court concludes that Defendant has failed to satisfy its burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $5,000,000 as required for jurisdiction under CAFA. Plaintiff's Motion to Remand Case to State Court (Docket No. 15) is granted. All pretrial and trial dates previously entered are vacated. This action is hereby remanded to San Bernardino County Superior Court, case no. CIVDS1900463.

IT IS SO ORDERED.

---

[2] The Court grants Defendant's unopposed request that the Court take judicial notice of those state-court filings. See, e.g., Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n.6 (9th Cir. 2006) (court may take judicial notice of court filings and other matters of public record).